United States District Court
Southern District of Texas
**ENTERED**
April 07, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORFIRIO P. L.[1], Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-056 |
| FRANCISCO VENEGAS, *et al.*, *in their official capacities*, Respondents. | § | |

**ORDER REQUIRING STATUS UPDATES ON ADMINISTRATIVE PROCEEDINGS**

To facilitate the progress of this petition, Respondent is **ORDERED** to provide timely status updates concerning any administrative review of Petitioner's detention as relevant updates occur. Respondent shall file a status update summarizing these administrative developments by **no later than May 12, 2026.**

These updates must include—but are not limited to—the progress and conclusions of custody review determinations under 8 C.F.R. §§ 241.4 and 241.13. The Court encourages Respondent to construe Petitioner's habeas petition as a written request for release under 8 C.F.R. § 241.13(d) and to begin custody review under 8 C.F.R. § 241.13 accordingly. *See Singh v. Gonzalez*, No. CIV.A. H-05-4361, 2006 WL 6584615 (S.D. Tex. Feb. 17, 2006) (directing respondents to "treat the instant petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13"). In the event review under 8 C.F.R. § 241.13 does not occur, the Court will bear in mind that a determination under 8 C.F.R. § 241.4 necessarily includes a determination that there is no "substantial reason to believe that the removal of a detained alien is not significantly likely in the reasonably foreseeable future." 8 C.F.R. § 241.4(i)(7). Custody review under 8 C.F.R. § 241.4 should

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

occur 180 days after the beginning of the removal period, and failure to conduct this review may implicate constitutional concerns. *See, e.g., Bonitto v. Bureau of Immigr. & Customs Enf't*, 547 F.Supp. 2d 747, 758 (S.D. Tex. 2008); *Misirbekov v. Venegas*, No. 1:25-cv-00168, 2025 WL 3033732 (S.D. Tex. Oct. 29, 2025).

Signed on April 7, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate Judge